*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY TURRENTINE and CHELSEA
CUMMINGS,

       Plaintiffs-Appellees,

v

JAGU LLC, doing business as SUPER 8
BELLEVILLE, and ASHISHKUMAR K. PATEL,

       Defendants-Appellants,

and

WYNDHAM HOTELS & RESORTS INC., SURAJ
REALTY CORPORATION, SUNILBHAI T.
PATEL, and KOSO-RAJU BABU-RAO,

       Defendants.

UNPUBLISHED
January 13, 2025
11:11 AM

No. 368405
Wayne Circuit Court
LC No. 22-009735-NO

Before: RIORDAN, P.J., and BOONSTRA and YATES, JJ.

YATES, J. (*concurring*).

The sexual assault alleged by plaintiff, Kimberly Turrentine, was every bit as preventable as it was horrific. Had defendant, Ashishkumar K. Patel, done anything more than ignore at every turn the warning signs following the alleged sexual assault of plaintiff, Chelsea Cummings, months earlier, Ms. Turrentine almost certainly would not have been sexually assaulted by the same man who assaulted Ms. Cummings. My colleagues correctly conclude that the law in Michigan, as it exists today, affords no succor to Ms. Turrentine because defendant Patel's "see no evil, hear no evil, speak no evil" attitude deprived him of knowledge that an employee of his hotel was accused of, and criminally charged with, sexually assaulting Ms. Cummings. But because I am convinced that the ordinary (and readily defensible) protection afforded to employers when their employees commit crimes must give way when their employees repeatedly commit the same type of criminal

misconduct, I add this concurrence to my colleagues' opinion in the hope that our Supreme Court will see fit to correct this miscarriage of justice visited upon Ms. Turrentine.

This case comes before us following the denial of summary disposition to defendants under MCR 2.116(C)(10), so our review of the trial court's ruling is de novo, and we must consider the factual support for plaintiffs' claims. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019). Plaintiffs have presented substantial evidence that they were sexually assaulted by defendant, Koso-Raju Babu-Rao, while he was working at the Super 8 Belleville that was owned and operated by Patel and defendant, Jagu, LLC (Jagu). Ms. Cummings alleged and substantiated that she was sexually assaulted on July 31, 2019, and that she promptly reported the sexual assault to law-enforcement officers, who conducted an investigation that led to the issuance of an arrest warrant for Babu-Rao on September 2, 2019. Nevertheless, Babu-Rao continued to work at the hotel through December 29, 2019, when he sexually assaulted Ms. Turrentine. After that, Babu-Rao was arrested on the outstanding warrant on January 3, 2020.

Under Michigan law, an employer rarely can be held liable for an employee's criminal acts. Our Supreme Court has "consistently held that an employer's liability for the criminal acts of its employees is limited to those acts it can reasonably foresee or reasonably should have foreseen." *Hamed v Wayne Co*, 490 Mich 1, 13; 803 NW2d 237 (2011). That legal principle flows from the unpredictability of criminal acts committed by employees while on the job. Applying that legal principle, Ms. Cummings unfortunately cannot recover from her assailant's employers, i.e., Patel and Jagu, even though she was sexually assaulted by their employee.

But Ms. Turrentine's claims against Patel and Jagu should be analyzed in light of the earlier sexual assault of Ms. Cummings and the police investigation that followed the assault. Patel takes the position that he had no knowledge of Babu-Rao's sexual assault of Ms. Cummings despite the fact that the police came to the hotel to collect surveillance video and investigate the circumstances of Babu-Rao's sexual assault of Ms. Cummings. Indeed, as my colleagues note, "Detective Long spoke to Patel at least twice, after Babu-Rao's sexual assault of Cummings" and "inquired as to the availability of any surveillance video and Patel provided access to their system." But because Detective Long did not specifically tell Patel that the investigation concerned Babu-Rao's sexual assault of Ms. Cummings, Patel could plausibly insist in seeking summary disposition under MCR 2.116(C)(10) that the record contains no evidence of knowledge on his part. As a result, Patel and Jagu can avoid liability based on Patel's ignorance despite the fact that Ms. Turrentine was sexually assaulted by Babu-Rao months after Ms. Cummings suffered the very same fate at the same hotel and at the hands of the same assailant, who was still employed by Patel and Jagu.

In my view, no matter where the line should be drawn demarking the point of employers' liability for the criminal acts of their employees, cases involving repeated criminal acts committed by employees should be treated as a separate category for purposes of civil liability. Consequently, even if Michigan law bars Ms. Cummings from recovering from Patel and Jagu because of Patel's lack of knowledge of Babu-Rao's criminal propensity, Ms. Turrentine should be permitted to seek recompense from Patel and Jagu for Babu-Rao's second sexual assault. Any other rule creates too strong an incentive for employers to know as little as possible about the crimes committed by their employees while on the job.

/s/ Christopher P. Yates

-2-